**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Preeti Kohli, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Medical University of South Carolina, )<br>Ernest Benjamin Clyburn, MD, individually )<br>and in his official capacity, and Ted A. )<br>Meyer, MD, individually and in his official )<br>capacity, )<br>)<br>Defendants. )<br>_____ ) | **ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants, by and through their undersigned attorneys, hereby answer Plaintiff's Complaint as follows:

### FOR A FIRST DEFENSE

I     Defendants move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., because Plaintiff's Complaint fails to state facts sufficient to state a claim upon which relief may be granted.

### FOR A SECOND DEFENSE AND BY WAY OF ANSWER

II    A.    Each allegation of Plaintiff's Complaint not hereinafter expressly admitted is denied.

      B.    Defendants respond to the allegations in Plaintiff's Complaint by paragraph number corresponding to the paragraph number in Plaintiff's Complaint as follows:

          1.    Defendants deny Plaintiff was subjected to any unlawful acts by Defendants. Defendants lack sufficient information to admit or deny the

1

remaining allegations in Paragraph 1 of Plaintiff's Complaint and, therefore, deny all remaining allegations in Paragraph 1.

2. Defendants admit Defendant Medical University of South Carolina ("MUSC") is a State of South Carolina entity/agency organized and operating under the laws of South Carolina with its principal office in Charleston County, South Carolina. Defendants further admit MUSC receives federal funds. The remaining allegations in Paragraph 2 of Plaintiff's Complaint constitute statements and conclusions of law to which Defendants are not required to respond. However, to the extent a response is required, Defendants deny all remaining allegations in Paragraph 2.

3. Admitted.

4. Admitted.

5. Denied.

6. Defendants deny MUSC ever employed Plaintiff. Defendants admit Plaintiff was a medical resident in training. Defendants deny all remaining allegations in Paragraph 6.

7. Admitted jurisdiction and venue are proper in the United States District Court for the District of South Carolina. Defendants deny any remaining allegations in Paragraph 7.

**Plaintiff's Background and Experience in Program**

8. Admitted, upon information and belief.

9. Defendants deny MUSC ever employed Plaintiff. Defendants admit, upon information and belief, Plaintiff graduated from medical school. Defendants

further admit Plaintiff became a resident physician in MUSC's otolaryngology resident training program in July 2017 and admit the otolaryngology resident training program is a five-year program. Defendants deny all remaining allegations in Paragraph 9.

10. Defendants deny MUSC ever employed Plaintiff. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 10 of Plaintiff's Complaint and, therefore, deny all remaining allegations in Paragraph 10.

11. Defendants deny MUSC ever employed Plaintiff. Defendants admit that while Plaintiff was in the otolaryngology resident training program, Defendant Ted A. Meyer, M.D., was the otolaryngology training program director and Defendant Benjamin Clyburn, M.D., was the MUSC Designated Institutional Official for Graduate Medical Education. Defendants deny all remaining allegations in Paragraph 11.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

### Plaintiff's Termination From the Program

18. Denied.

19. Denied.

20. Denied.

21. Defendants deny MUSC ever employed Plaintiff or entered an employment contract with Plaintiff. Defendants admit Plaintiff and MUSC entered into a 2021-2022 Resident Agreement related to Plaintiff's fourth year in MUSC's otolaryngology residency program, defer to the 2021-2022 Resident Agreement for its content and deny the allegations in Paragraph 21 to the extent the allegations are inconsistent with the 2021-2022 Resident Agreement. Defendants deny all remaining allegations in Paragraph 21 of Plaintiff's Complaint.

22. Denied.

23. Defendants admit Plaintiff repeated her third year in MUSC's otolaryngology residency program and further admit Plaintiff and MUSC entered into a 2021-2022 Resident Agreement related to Plaintiff's fourth year in MUSC's otolaryngology residency program. Defendants deny all remaining allegations in Paragraph 23 of Plaintiff's Complaint.

24. Denied.

25. Denied.

26. Denied.

27. Defendants deny MUSC ever employed Plaintiff. Defendants admit Plaintiff's 2021-2022 Resident Agreement expired on June 30, 2022. Defendants further admit Plaintiff filed a Charge of Discrimination. Defendants defer to Plaintiff's Charge of Discrimination for its content, claims and allegations, and deny the allegations in Paragraph 27 of

Plaintiff's Complaint to the extent the allegations are inconsistent with Plaintiff's Charge of Discrimination. Defendants deny all remaining allegations in Paragraph 27.

### FIRST CAUSE OF ACTION
### (Breach of Contract – Defendant MUSC)

28. Defendants incorporate their responses to Paragraphs 1 - 27 fully and completely as if set forth verbatim herein.

29. Defendants deny MUSC ever employed Plaintiff and, correspondingly, deny the existence of a "contract of employment." Defendants defer to the applicable Resident Agreements for their content, requirements, and obligations and deny the allegations in Paragraph 29 of Plaintiff's Complaint to the extent the allegations in it are inconsistent with the content, requirements, and obligations in the applicable Resident Agreements. Defendants deny all remaining allegations in Paragraph 29.

30. Defendants defer to the applicable MUSC GME Handbooks for their content, requirements, and obligations and deny the allegations in Paragraph 30 of Plaintiff's Complaint to the extent the allegations in it are inconsistent with the content, requirements, and obligations in the applicable MUSC GME Handbooks. Defendants deny all remaining allegations in Paragraph 30.

31. Denied.

32. Denied.

33. Denied.

## SECOND CAUSE OF ACTION
**(Breach of Contract Accompanied by a Fraudulent Act – Defendant MUSC)**

34. Defendants incorporate their responses to Paragraphs 1 - 33 fully and completely as if set forth verbatim herein.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## THIRD CAUSE OF ACTION
**(Defamation – Defendants MUSC and Meyer)**

41. Defendants incorporate their responses to Paragraphs 1 - 40 fully and completely as if set forth verbatim herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## FOURTH CAUSE OF ACTION
**(42 U.S.C. § 1983: Denial of 14th Amendment Procedural Due Process – Defendants Meyer and Clyburn)**

47. Defendants incorporate their responses to Paragraphs 1 - 46 fully and completely as if set forth verbatim herein.

48. The allegations in Paragraph 48 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond. However, to the extent a response is required, Defendants deny the allegations in Paragraph 48.

49. The allegations in Paragraph 49 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond. However, to the extent a response is required, Defendants deny the allegations in Paragraph 49.

50. The allegations in Paragraph 50 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond. However, to the extent a response is required, Defendants deny the allegations in Paragraph 50.

51. The allegations in Paragraph 51 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond. However, to the extent a response is required, Defendants deny the allegations in Paragraph 51.

52. Denied.

53. The allegations in Paragraph 53 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond. However, to the extent a response is required, Defendants deny the allegations in Paragraph 53.

54. The allegations in Paragraph 54 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond.

However, to the extent a response is required, Defendants deny the allegations in Paragraph 54.

55. The allegations in Paragraph 55 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond. However, to the extent a response is required, Defendants deny the allegations in Paragraph 55.

56. The allegations in Paragraph 56 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond. However, to the extent a response is required, Defendants deny the allegations in Paragraph 56.

57. The allegations in Paragraph 57 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond. However, to the extent a response is required, Defendants deny the allegations in Paragraph 57.

58. Denied.

59. The allegations in Paragraph 59 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond. However, to the extent a response is required, Defendants deny the allegations in Paragraph 59.

60. Denied.

61. Denied, including a denial of all sub-parts.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. The allegations in Paragraph 68 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond. However, to the extent a response is required, Defendants deny the allegations in Paragraph 68.

69. Denied.

### FIFTH CAUSE OF ACTION
(42 U.S.C. § 1981 – Denial of Equal Protection: Race Discrimination – Defendants Meyer and Clyburn)

70. Defendants incorporate their responses to Paragraphs 1 - 69 fully and completely as if set forth verbatim herein.

71. The allegations in Paragraph 71 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond. However, to the extent a response is required, Defendants deny the allegations in Paragraph 71.

72. The allegations in Paragraph 72 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond. However, to the extent a response is required, Defendants deny the allegations in Paragraph 72.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## SIXTH CAUSE OF ACTION
### (Violation of Title VI of the Civil Rights Act of 1964 – Defendant MUSC)

78. Defendants incorporate their responses to Paragraphs 1 - 77 fully and completely as if set forth verbatim herein.

79. The allegations in Paragraph 79 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond. However, to the extent a response is required, Defendants deny the allegations in Paragraph 79.

80. Admitted.

81. Denied.

82. Denied.

83. Denied.

## SEVENTH CAUSE OF ACTION
### (Violation of Title IX of the Education Amendments of 1972 – Defendant MUSC)

84. Defendants incorporate their responses to Paragraphs 1 - 83 fully and completely as if set forth verbatim herein.

85. The allegations in Paragraph 85 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond. However, to the extent a response is required, Defendants deny the allegations in Paragraph 85.

86. The allegations in Paragraph 86 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond. However, to the extent a response is required, Defendants deny the allegations in Paragraph 86.

87. The allegations in Paragraph 87 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond. However, to the extent a response is required, Defendants deny the allegations in Paragraph 87.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

## EIGHTH CAUSE OF ACTION
### (42 U.S.C. § 1985: Conspiracy to Violate Civil Rights – Defendants Meyer and Clyburn)

92. Defendants incorporate their responses to Paragraphs 1 - 91 fully and completely as if set forth verbatim herein.

93. The allegations in Paragraph 93 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond. However, to the extent a response is required, Defendants deny the allegations in Paragraph 93.

94. The allegations in Paragraph 94 of Plaintiff's Complaint are statements and conclusions of law to which Defendants are not required to respond.

However, to the extent a response is required, Defendants deny the allegations in Paragraph 94.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

## PRAYER FOR RELIEF

Defendants deny the allegations in Plaintiff's Complaint and expressly deny Plaintiff is entitled to any or all the relief requested in her prayer for relief.

## FOR A THIRD DEFENSE

III. Defendants plead the provisions of the South Carolina Tort Claims Act ("Act"), S.C. Code Ann. §§ 15-78-10, et seq., including all the immunities, limitations and defenses granted or preserved in the Act.

## FOR A FOURTH DEFENSE

IV. Defendants at all times acted in good faith, on reasonable grounds, for legitimate business reasons and without malice or intent to harm.

## FOR A FIFTH DEFENSE

V. Defendants' actions, without admitting them to be true, constitute the exercise of discretion or judgment for which Defendants, a governmental entity, and its employees, are not liable.

## FOR A SIXTH DEFENSE

VI. Plaintiff failed to mitigate her damages, and some or all her claims are thus precluded or limited under the doctrine of avoidable consequences.

## FOR A SEVENTH DEFENSE

VII. Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

## FOR AN EIGHTH DEFENSE

VIII. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, and laches.

## FOR A NINTH DEFENSE

IX. There is no causal nexus between any complaint or protected act by Plaintiff and her allegations, nor was any protected act the substantial or motivating factor in an adverse decision related to Plaintiff by Defendants, if any.

## FOR A TENTH DEFENSE

X. There is no causal nexus between the exercise of any right under federal or state law and any adverse employment action taken, if any, by Defendants as to Plaintiff.

## FOR AN ELEVENTH DEFENSE

XI. To the extent Plaintiff did engage in any protected activity or speech, Defendants would have taken the same action even in the absence of the protected act or speech.

## FOR A TWELFTH DEFENSE

XII. Plaintiff's claims are barred by the intra-corporate conspiracy doctrine.

## FOR A THIRTEENTH DEFENSE

XIII. Defendants had no knowledge of any unlawful discrimination if such occurred.

**FOR A FOURTEENTH DEFENSE**

XIV. Defendants exercised reasonable care to prevent and correct promptly any harassing behavior, if any, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to avoid harm otherwise.

**FOR A FIFTHTEENTH DEFENSE**

XV. Plaintiff is barred from any recovery due to the doctrine of unclean hands.

**FOR A SIXTEENTH DEFENSE**

XVI. Plaintiff failed to fulfill all conditions precedent to filing suit.

**FOR A SEVENTEENTH DEFENSE**

XVII. If Plaintiff was Defendant MUSC's employee, Plaintiff's exclusive and preemptive remedy for any injury she claims arose out of and in the course and scope of her employment is under the South Carolina Workers' Compensation Act, and any such injuries as alleged in Plaintiff's Complaint, if substantiated, would be barred pursuant to S.C. Code Ann. § 42-1-540.

**FOR AN EIGHTEENTH DEFENSE**

XVIII. Plaintiff has not exhausted all the administrative remedies as required by statute.

**FOR A NINETEENTH DEFENSE**

XIX. Punitive damages are not recoverable against MUSC, a government entity, or its employees in their official capacities.

**FOR A TWENTIETH DEFENSE**

XX. Plaintiff's claims are barred by the doctrine of misrepresentation.

**FOR A TWENTY-FIRST DEFENSE**

XXI. If Plaintiff was employed by MUSC, Plaintiff was an at-will employee.

**FOR A TWENTY-SECOND DEFENSE**

XXII. All actions taken by Defendants as to Plaintiff were consistent with the MUSC's policies and procedures, written agreements and/or applicable handbooks, and there is a good faith dispute as to Plaintiff's claims.

**FOR A TWENTY-THIRD DEFENSE**

XXIII. If Plaintiff was MUSC's employee, Plaintiff suffered no discharge, transfer, reassignment or change of employment benefits in any manner that could be construed as a tangible or materially adverse employment action.

**FOR A TWENTY-FOURTH DEFENSE**

XXIV. Plaintiff's defamation claim is barred due to Plaintiff's self-publication.

**FOR A TWENTY-FIFTH DEFENSE**

XXV. Any statements published by Defendants, including by Defendants while acting within the scope of their official duties, of or concerning Plaintiff were true, or substantially true, and Defendants plead truth as a complete defense.

**FOR A TWENTY-SIXTH DEFENSE**

XXVI. Defendants deny they, including while acting within the scope of their official duties, published any defamatory statement of or concerning Plaintiff, but if they did Defendants did so under circumstances and on an occasion giving rise to an absolute, conditional and/or qualified privilege, and Defendants plead absolute, conditional and/or qualified privilege as defenses to this action.

**FOR A TWENTY-SEVENTH DEFENSE**

XXVII. Any statements published by Defendants, including Defendants while acting within the scope of their official duties, constituted fair comment and criticism and Defendants plead

fair comment and criticism as a defense.

## FOR A TWENTY-EIGHTH DEFENSE

XXVIII. Plaintiff is a "public official," "public figure," and/or "limited purpose public figure" as to the alleged defamatory statements.

## FOR A TWENTY-NINTH DEFENSE

XXIX. The alleged defamatory statements made by Defendants, including Defendants while acting within the scope of their official duties, constitute protected speech under the Constitution.

## FOR A THIRTIETH DEFENSE

XXX. The alleged defamatory statements made by Defendants, including Defendants while acting within the scope of their official duties, were made with Plaintiff's express authorization.

## FOR A THIRTY-FIRST DEFENSE

XXXI. Plaintiff's claim for exemplary damages is barred, as a matter of law, as to Defendants, a government entity, and its employees, by, but not limited to, S.C. Code Ann. § 15-78-120(b).

## FOR A THIRTY-SECOND DEFENSE

XXXII. Plaintiff's claim for damages as to Defendants is limited to reputational damages only and Plaintiff is barred, as a matter of law, from requesting or obtaining any other element(s) of damage, whether actual, consequential, compensatory, special, general, or punitive by, but not limited to, the South Carolina Workers' Compensation Act and the South Carolina Tort Claims Act.

16

## FOR A THIRTY-THIRD DEFENSE

XXXIII.   Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States and the applicable state constitution and state statutes. Defendants assert a claim for punitive damages as to them is barred as a matter of law including, but not limited to, by way of the provisions, requirements, limitations, and protections of S.C. Code Ann. § 15-32-200 et seq.

## FOR A THIRTY-FOURTH DEFENSE

XXXIV.   Plaintiff's breach of contract claim(s) is barred by the parole evidence rule.

## FOR A THIRTY-FIFTH DEFENSE

XXXV.   Plaintiff's claims are barred under the doctrine of misrepresentation.

## FOR A THIRTY-SIXTH DEFENSE

XXXVI.   All alleged claims as to Defendants are barred under the doctrine of mistake.

## FOR A THIRTY-SEVENTH DEFENSE

XXXVII.   Plaintiff's claims are barred by the Statute of Frauds.

## FOR A THIRTY-EIGHTH DEFENSE

XXXVIII.   Plaintiff received full payment.

## FOR A THIRTY-NINTH DEFENSE

XXXIX.   Plaintiff's claims are barred by the doctrine of consent.

## FOR A FORTIETH DEFENSE

XL.   Plaintiff's claims under 42 U.S.C. § 1983 are barred because there was not a clearly established statutory or constitutional right of which a reasonable person would have known.

## FOR A FORTY-FIRST DEFENSE

XLI. Individual Defendants, in their official capacities as employees of MUSC, are immune from suit.

## FOR A FORTY-SECOND DEFENSE

XLII. Plaintiff's claims are barred by the doctrines of sovereign immunity and/or Eleventh Amendment immunity.

## FOR A FORTY-THIRD DEFENSE

XLIII. Individual Defendants are immune from liability for damages under the doctrine of qualified immunity and the Individual Defendants plead qualified immunity as a complete defense to claims against them.

## FOR A FORTY-FOURTH DEFENSE

XLIV. Plaintiff's claims under are barred by the doctrines of qualified immunity, absolute immunity, and/or Eleventh Amendment immunity.

## FOR A FORTY-FIFTH DEFENSE

XLV. MUSC asserts and preserves any rights, defenses and immunities granted to it as a non-profit organization by the laws of the State of South Carolina or the United States.

**WHEREFORE,** having fully answered the Plaintiff's Complaint, Defendants request this action be dismissed, and Defendants be awarded their costs and fees.

                                                s/ Bob J. Conley
                                                Bob J. Conley (FID #6791)
                                                CLEVELAND & CONLEY, LLC
                                                One Seventy-One Church Street, Suite 310
                                                Charleston, South Carolina 29401
                                                Telephone: (843) 577-9626
                                                bconley@clevelandlaborlaw.com

                                                ATTORNEYS FOR DEFENDANTS

May 16, 2023
Charleston, South Carolina