IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Preeti Kohli,<br><br>    Plaintiff,<br><br>vs.<br><br>Medical University of South Carolina, Ernest Benjamin Clyburn, MD, individually and in his official capacity, and Ted A. Meyer, MD, individually and in his official capacity,<br><br>    Defendants. | Case No.: 2:23-cv-02090<br><br><br><br>**PLAINTIFF'S LOCAL RULE 26.03 INERROGATORY RESPONSES** |

Plaintiff Preeti Kohli hereby submits her Responses to Local Civil Rule 26.03 as follows:

1. **A short statement of the facts of the case.**

This case arises out of Plaintiff's previous employment with and enrollment in an educational program with the Medical University of South Carolina SC (hereinafter "MUSC"), the discriminatory and retaliatory termination of said employment relationship and educational program position by the Defendants MUSC, as well as by Ernest Benjamin Clyburn, MD (hereinafter "Clyburn") and Ted A. Meyer, MD (hereinafter "Meyer"), acting by and on behalf of MUSC, and various related actions taken by the Defendants in connection therewith, including various forms of discrimination and retaliation Plaintiff was subjected to prior to the termination of her employment and program position at MUSC.

Plaintiff is a medical doctor who began her employment with MUSC as a resident physician in the summer of 2017 and was admitted as a resident to complete her training

1

in MUSC's Otolaryngology program (hereinafter "the Program"). The Program was a five-year training program, completion of which is required in order for Plaintiff to practice medicine as an otolaryngologist (ENT). As a trainee in the Program, Plaintiff also served as a contract employee, providing services to MUSC's patients pursuant to a yearly contract with MUSC. During her employment and participation in MUSC's Program, Plaintiff, an Indian American woman, was the only minority female in the Program. At all times during her employment and participation in MUSC's Program, Defendants Clyburn and Meyer had direct oversight of the Program and all enrolled residents, including the Plaintiff.

During the course of her enrollment in the Program and her employment with MUSC, Plaintiff experienced various forms of discrimination, harassment, targeting and retaliation in comparison to her mostly white male colleagues. This included being evaluated more harshly and critically by her white male supervisors, which led to her being placed on a performance improvement plan (PIP), being forced to repeat an entire year of training, and then being terminated just prior to the fifth and final year of her residency after she had been provided with a contract for the following year. Plaintiff was subjected to harsher discipline than her similarly situated white male colleagues. Plaintiff's mostly white, male supervisors repeatedly and routinely made fun of her name, mocked her ethnic background, and refused to try and pronounce her name correctly, even after being repeatedly provided with the correct pronunciation. Plaintiff was also routinely subjected to demeaning and dismissive conduct related to her gender.

The above-described treatment Plaintiff experienced was commonplace and at least three (3) former female minority resident employees of MUSC experienced the

same type of discriminatory conduct and raised complaints thereabout. In fact, the hostile environment that MUSC has created and/or allowed to exist in the Program is well known by minority females in the medical field, many of whom were warned by current and former residents that MUSC and the Program have a strong reputation for being a difficult and discriminatory environment for minority female physicians.

In the spring of 2022, after such time as Plaintiff had already been provided with a contract by MUSC for her fifth and final year in the Program and after such time as Plaintiff had begun objecting to the above-referenced discriminatory treatment by her white male supervisors, MUSC, acting by and through Clyburn and Meyer, involuntarily terminated Plaintiff from her employment and her position in the Program. Thereafter, MUSC, acting by and through its employees, including but not limited to Meyer and Clyburn, intentionally and falsely communicated to various individuals that Plaintiff's termination was the result of "professionalism" and "patient safety" issues, a representation Defendants knew to be false and later admitted was false.

2. **The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

Preeti Kohli – Dr. Kohli is the Plaintiff and is expected to testify regarding the allegations of her Complaint.

Ernest Benjamin Clyburn, MD – Dr. Clyburn was one of Plaintiff's supervisors while she was a resident in MUSC's Program, served as the Designated Institutional Official for Graduate Medical Education, and participated in the involuntarily termination of Plaintiff from her employment and her position in the Program. Dr. Clyburn can testify to various matters alleged in Plaintiff's Complaint, including, but not limited to,

communications with Plaintiff and other residents and coworkers regarding Plaintiff, Plaintiff's employment performance, and the various adverse actions taken against her.

Ted A. Meyer, MD – Dr. Meyer was one of Plaintiff's supervisors while she was a resident in MUSC's Program, served as the Program Director, and participated in the involuntarily termination of Plaintiff from her employment and her position in the Program. Dr. Meyer can testify to various matters alleged in Plaintiff's Complaint, including, but not limited to, communications with Plaintiff and other residents and coworkers regarding Plaintiff, Plaintiff's employment performance, and the various adverse actions taken against her.

Plaintiff's investigation into this matter continues and Plaintiff reserves the right to name additional witnesses and to supplement this response with the names and proposed testimony of any additional witnesses, including any and all witnesses identified by the Defendants.

3. **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

At current time, Plaintiff has not yet retained an expert witness, but reserves the right to later retain and identify any appropriate expert witnesses to testify as to any appropriate subject matter.

4. **Summary of the claims or defenses with statutory and/or case citations supporting the same.**

Plaintiff has alleged the following claims against Defendant:

(1)     Breach of Contract – Plaintiff claims MUSC failed to follow its own contract with Plaintiff and various policies aimed at providing a safe workplace,

prohibiting retaliation against employees, and ensuring that certain actions were taken prior to Plaintiff's termination.

(2)   Breach of Contract Accompanied by a Fraudulent Act – Plaintiff claims that, in connection with its breach of various contractual obligations, Defendant MUSC fraudulently represented that the termination of Plaintiff's employment and position in the Program was based on "professionalism" and "patient safety" issues, which MUSC knew to be false.

(3)   Defamation – Plaintiff claims Defendants MUSC and Meyer made false and defamatory statements about Plaintiff to various third parties that resulted in damage to the Plaintiff.

(4)   Violation of the 42 U.S.C. § 1983 – Plaintiff claims that due to Defendants' dismissal of her from the Program without prior notice, she was deprived of, among other things, her right to Due Process Clause of the Fourteenth Amendment through their deprivation of the minimal requirements of procedural fairness.

(5)   Violation of the 42 U.S.C. §1981 - Plaintiff claims that Defendants' dismissal of Plaintiff from the Program, as well as other actions taken against Plaintiff, were motivated by racial animus and were taken in malicious, willful, wanton, deliberate indifference to, and reckless disregard of Plaintiff's rights.

(6)   Violation of Title VI of the Civil Rights Act of 1964 - Plaintiff claims that MUSC, a public university that receives federal funds, exposed her to discrimination on the basis of her race and national origin as an Indian American violating her rights.

(7)   Violation of Title IX of the Education Amendments of 1972 - Plaintiff claims that MUSC, a public university that receives federal funds, exposed her to

discrimination on the basis of her gender as a woman who received different treatment on account of her gender in regard to, among other things, her terms and conditions of employment, her educational experience and training, disciplinary action and the ultimate termination of her employment and her position in the Program.

(8) Violation of 42 U.S.C. § 1985 – Plaintiff claims Defendants Meyer and Clyburn conspired to deprive Plaintiff of equal protection under the law in various manners and respects.

(9) Discrimination in violation of Title VII of the Civil Rights Act of 1964 – Plaintiff claims Defendants discriminated against her in various manners and respects due to her gender, race and national origin.

(10) Retaliation in violation of Title VII of the Civil Rights Act of 1954 – Plaintiff claims Defendants retaliated against her in various respects after she engaged in protected activity by objecting to various forms of discrimination to which she had been subjected.

**5.    Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:**

Please see Joint 26(f) Report and Amended Scheduling Order attached thereto.

**6.    Any special circumstances that would affect the time frames applied in preparing the scheduling order.**

Please see Joint 26(f) Report and Amended Scheduling Order attached thereto.

**7.    Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

None at this time.

                Respectfully submitted,

<u>*s/ Courtney C. Atkinson*</u>
Courtney C. Atkinson, Fed. I.D. #9339
METCALFE & ATKINSON, LLC
1395 S. Church Street
Greenville, SC 29605
864.214-2319
864.214-3067 (fax)
*Attorneys for Plaintiff*

October 3, 2023